641-07/MEU
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendant
HANJIN SHIPPING CO. LTD.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
VOYAGER SHIPHOLDING CORP.,                            07 CV 11123

                        Plaintiff,
                                                      **VERIFIED ANSWER**
            -against -                                **with COUNTERCLAIM**

HANJIN SHIPPING CO. LTD.,

                        Defendant.
------------------------------------------------------------------------x

Defendant HANJIN SHIPPING CO. LTD. (hereinafter "HANJIN"), through its attorneys Freehill, Hogan & Mahar, LLP, responds to the Complaint of Plaintiff VOYAGER SHIPHOLDING CORP. (hereinafter "VOYAGER") as follows:

1.      DENIES knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of the Verified Complaint.

2.      DENIES knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of the Verified Complaint.

3.      ADMITS the allegations contained in Paragraph 3 of the Verified Complaint.

4.      DENIES knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of the Verified Complaint.

NYDOCS1/295587.1

5. ADMITS the allegations contained in Paragraph 5 of the Verified Complaint.

6. ADMITS that during the course of the charter party, certain disputes arose between VOYAGER as owner and HANJIN as charterer relating to certain claims arising under the charter, but except as so specifically admitted, denies each and every remaining allegation contained in Paragraph 6 of the Verified Complaint.

7. ADMITS the allegations contained in Paragraph 7 of the Verified Complaint.

8. ADMITS the allegations contained in Paragraph 8 of the Verified Complaint.

9. ADMITS that VOYAGER has asserted a counterclaim against Defendant HANJIN in the London arbitration proceedings between the parties in the sum of $65,000, but except as so specifically admitted, denies each and every remaining allegation contained in Paragraph 9 of the Verified Complaint.

10. DENIES the allegations contained in Paragraph 10 of the Verified Complaint.

11. DENIES the allegations contained in Paragraph 11 of the Verified Complaint.

12. ADMITS the allegations contained in Paragraph 12 of the Verified Complaint.

13. No response is required to the allegations contained in Paragraph 13 of the Verified Complaint.

### FURTHER ANSWERING THE COMPLAINT, AND AS AND FOR SEPARATE, PARTIAL AND / OR COMPLETE DEFENSES THERETO, DEFENDANT HANJIN SHIPPING CO. LTD. ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

14. The Complaint fails to state a cause of action upon which relief may be granted.

15. Plaintiff has improperly and/or insufficiently served process upon Defendant.

16. This forum is improper because the claims asserted by Plaintiff are properly to be resolved in London arbitration as agreed between Plaintiff and Defendant.

17. Plaintiff's claims are overstated in the level of security sought from and provided by Defendant and should be reduced to a reasonable sum.

### AS AND FOR ITS COUNTERCLAIM AGAINST PLAINTIFF VOYAGER SHIPHOLDING CORP., DEFENDANT HANJIN SHIPPING CO. LTD. ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

18. Pursuant to a contract of charter party dated May 7, 2004, VOYAGER, as owner, chartered the M/V KEN to HANJIN, as charterer, for the period from August 29, 2004 to February 18, 2006.

19. Following the conclusion of the charter HANJIN commenced arbitration in London against VOYAGER in respect to certain claims in the principal sum of $140,732.47 owing to HANJIN pursuant to a hire statement dated May 25, 2007 which VOYAGER failed and refused to pay.

20. Thereafter, in June 2007 HANJIN arrested the vessel M/V KEN in South Africa to provide security for its claims.

21. In response to the arrest, VOYAGER arranged for the issuance of a Letter of Undertaking issued on behalf of the Swedish Club, VOYAGER's P&I insurer, to secure HANJIN's claims in the principal sum of $140,732.47, plus $48,813.76 for interest, and $200,000 for legal costs expected to be incurred in connection with the London arbitration.

22. Upon the posting of the Letter of Undertaking, the South African arrest of the M/V KEN was lifted.

23. Subsequent to receiving the Letter of Undertaking and release of the vessel from arrest HANJIN discovered it had three additional claims against VOYAGER arising out of the charter of the M/V KEN.

24. Two of the claims were for failure of the vessel to perform as warranted under the charter in respect of speed and performance concerning voyages from Shanghai to Kohsichan to Stockton in July, 2005 and from New York to Nemrut Bay with both claims totaling $73,190.42.

25. HANJIN issued a second hire statement dated October 12, 2007 to VOYAGER in respect of these additional speed and performance claims.

26. Despite due demand and in breach of the charter, VOYAGER has failed and otherwise refused to pay the outstanding sums due to HANJIN in respect of the speed and performance claims.

27. The third claim recently discovered by HANJIN involves overpayment of hire.

28. Pursuant to the charter party, the earliest date on which HANJIN could validly re-deliver the vessel was March 1, 2006.

29. HANJIN in fact re-delivered the vessel on February 18, 2006 and paid a sum to VOYAGER in respect of that early re-delivery.

30. VOYAGER informed HANJIN that the vessel was idle for the period between February 18 when it was re-delivered by HANJIN and 2200 hours GMT on February 23, 2006 when the ship was delivered by VOYAGER to non-party Eitzen

31. The sum paid by HANJIN to VOYAGER for the early re-delivery was $125,377.66 (calculated as follows: US$25,500 per day in respect of the period of unemployment from February 18 to February 23, 2006 and US$11,550 per day (the difference between the $25,500 daily hire rate under the charter between VOYAGER and HANJIN and the $13,950 daily hire rate under the charter between VOYAGER and Eitzen) from 2200 hours GMT on February 23 to March 1, 2006).

32. In the course of the application by VOYAGER to set aside the arrest in South Africa, it was learned by HANJIN that the vessel was in fact not idle between February 18 and February 23, 2006 but rather VOYAGER had sent the vessel to renew her docking and intermediate surveys "whilst on paid time".

33. As a result of the deception by VOYAGER, as a matter of English Law (the law applicable under the charter party) HANJIN is entitled to recover the full amount of the sums it overpaid to VOYAGER ($125,377.66) for the early re-delivery.

34. Despite due demand and in further breach of the charter, VOYAGER has failed and otherwise refused to repay the early re-deliver sums to HANJIN.

35. As a result of the breaches of the charter party contract on the part of VOYAGER, HANJIN has sustained additional damages in the principal sum of $198,568.09

beyond the principal sums for which it previously obtained security by virtue of the South African arrest of the vessel.

36. The three additional claims are subject to London arbitration pursuant to the terms of the charter party and HANJIN specifically reserves the right to pursue same in the arbitration.

37. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration pursuant to English law.

38. As best as can now be estimated, HANJIN expects to recover the following additional sums in the London arbitration:

   a. Additional principal claim $198,568.09;

   b. Estimated interest on the additional principal claims for three and one half years at 7% compounded quarterly (commencing from February 18, 2006) in the amount of $54,589.71; and

   c. Attorneys' fees and arbitration costs in the additional sum of $135,000.

For a total counterclaim of $388,157.80.

39. HANJIN herein seeks an order directing VOYAGER to post counter-security for its counterclaim in the London arbitration in the sum of $388,157.80.

W H E R E F O R E, Defendant HANJIN SHIPPING CO. LTD. prays that Judgment be entered dismissing the Verified Complaint herein and that it be awarded judgment in its favor against Plaintiff VOYAGER SHIPHOLDING CORP. on its counterclaims; that it also be awarded all costs, expenses and attorneys' fees incurred in connection with the defense of this action and in prosecution of its counterclaim; and this Court grant such other, further and different relief as may be just and proper in the premises, including but not limited to awarding counter-security in favor of HANJIN SHIPPING CO. LTD. in the sum of $388,157.80.

Dated: New York, New York
       December 17, 2007

> FREEHILL, HOGAN & MAHAR, LLP
> Attorneys for Defendant
> HANJIN SHIPPING CO. LTD.
>
> By: _____
> Michael E. Unger
> 80 Pine Street
> New York, NY 10005-1759
> Telephone: 212 425-1900
> Facsimile: 212 425-1901

TO: LENNON MURPHY & LENNON, LLC
    Attorneys for Plaintiff
    420 Lexington Avenue, Suite 300
    New York, New York 10170
    Attn: Patrick F. Lennon, Esq.
          Nancy R. Peterson, Esq.
    (212) 490-6050 – phone
    (212) 490-6070 - fax

NYDOCS1/295587.1                    7