641-07/MEU

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
VOYAGER SHIPHOLDING CORP.,                    07 CV 11123 (GEL)

                Plaintiff,

      -against -

HANJIN SHIPPING CO. LTD.,

                Defendant.
------------------------------------------------------------------------x

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR COUNTER-SECURITY AND A STAY OF
PLAINTIFF'S PROSECUTION OF ITS CLAIMS PENDING
POSTING OF COUNTER-SECURITY**

                                                      FREEHILL HOGAN & MAHAR, LLP
                                                      Attorneys for Defendant
                                                      HANJIN SHIPPING CO. LTD.
                                                      80 Pine Street
                                                      New York, NY  10005
                                                      (212) 425-1900
                                                      (212) 425-1901 fax

Michael E. Unger (MU-0045)
    Of Counsel

Defendant HANJIN SHIPPING CO. LTD. (hereinafter "Hanjin"), through its attorneys Freehill, Hogan & Mahar, LLP, respectfully submits this Memorandum of Law in support of its motion requesting an Order, pursuant to Rule E(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, directing that Plaintiff VOYAGER SHIPHOLDING CORP. (hereinafter "Voyager") provide counter-security on Hanjin's counterclaims and that Plaintiff's prosecution of the claims it has asserted against Hanjin in London arbitration be stayed until such security is furnished by Voyager.

## PRELIMINARY STATEMENT

Voyager obtained an order of attachment in this action which resulted in it obtaining security in the amount of $242,075.85 based on the allegations of the Verified Complaint which stated, *inter alia*, that Hanjin had breached a certain charter agreement entered into by and between Voyager and Hanjin. Hanjin has asserted counterclaims against Voyager for breach of the same charter party agreement. Under the applicable jurisprudence, Voyager is now required to post counter-security; otherwise the prosecution of Voyager's own claims should be stayed pending Voyager's furnishing of security and the attachment vacated and the action dismissed if Voyager ultimately refuses to comply with the Court's Order for counter-security.

## FACTS

The pertinent facts are set forth briefly below. The Court is respectfully referred to the Affidavit of Michael E. Unger, sworn to on December 21, 2007 for additional facts and supporting documentation.

Hanjin chartered the M/V KEN from Voyager pursuant to a charter party dated May 7, 2004. Following the conclusion of the charter Hanjin commenced arbitration proceedings in London in respect of its speed and over-consumption claims during four separate voyages, to wit: a) Liverpool to Penang in April 2005; (b) Punto Cardon to Sepetiba in January 2005; (c) Tubarao to Saldanha in February 2005; and (d) Penang to Paradip in May 2005. In order to obtain security for those claims Hanjin arrested the M/V KEN in South Africa. Subsequently Voyager posted security in the form of a Letter of Undertaking from its P&I Club ("the Club LOU") in the sum of $389,546.23 (including interest and arbitration costs). After receiving the Club LOU, Hanjin discovered it had three additional claims against Voyager arising out of the charter of the vessel. These included two additional speed and over-consumption claims and a claim for overpayment of hire.

The speed and over-consumption claims involved voyages from Shanghai to Stockton in July 2005 and from New York to Nemrut Bay. On October 12, 2007, Hanjin issued a second Hire Statement and demanded payment from Voyager in respect of these claims in the principal sum of $73,190.42, but Voyager has refused to pay.

With respect to the overpayment of hire claim, pursuant to the charter party, the earliest date on which Hanjin could re-deliver the vessel was March 1, 2006. Hanjin re-delivered the vessel on February 18, 2006 and paid a sum to Voyager in respect of that early re-delivery. Voyager informed Hanjin that the vessel was idle for the period between February 18, 2006, the day on which Hanjin re-delivered the vessel, and 2200 hours GMT on February 23, 2006, the date and time on which the ship was delivered by Voyager to non-party Eitzen. The sum paid by Hanjin to Voyager for the early re-delivery was $125,377.66, calculated as follows: US$25,500

NYDOCS1/295906.1           2

per day in respect of the period of unemployment from February 18 to February 23, 2006 and US$11,550 per day (the difference between the $25,500 daily hire rate under the charter between Voyager and Hanjin and the $13,950 daily hire rate under the charter between Voyager and Eitzen) from 2200 hours GMT on February 23 to March 1, 2006. Through the vessel arrest proceedings in South Africa Hanjin discovered that the vessel had not been idled between the period of February18-February 23, 2006, as represented by Voyager. In fact, Voyager had sent the vessel to renew its docking and intermediate surveys "whilst on paid time." As a result of Voyager's misrepresentation, Hanjin is now entitled, under English law, to recover the full amount of the sum it overpaid to Voyager, or $125,377.66.

Hanjin's additional three claims are subject to London arbitration pursuant to the terms of the charter party and Hanjin is undertaking to pursue the claims in those proceedings. Hanjin has advanced counterclaims in its Answer to the Complaint on these three claims for the principal sum of $198,568.09. On December 17, 2007, Hanjin demanded counter-security for its counterclaims together with interest and costs in the respective amounts of $54,589.71 and $135,000 for a total counterclaim of $388,157.80. To date, Voyager has not responded to Hanjin's demand for counter-security on the three additional claims thus making this motion necessary.

# ARGUMENT

## POINT I

### VOYAGER IS REQUIRED TO GIVE SECURITY FOR THE DAMAGES DEMANDED IN THE COUNTERCLAIMS

Admiralty Rule B, under which Plaintiff Voyager proceeded against Hanjin, does not require the posting of counter-security in order to obtain an order of attachment in the first instance, but Admiralty Rule E(7)(a) provides that such counter-security **must be given** if the Defendant asserts a counterclaim. Admiralty Rule E(7)(a) provides as follows:

> When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court for cause shown, directs otherwise. Proceedings on the original claim must be stayed until this security is given unless the court directs otherwise.

Rule E(7) gives the district court "broad discretion in deciding whether to order countersecurity." *Result Shipping Co. Ltd. v. Ferruzzi Trading USA, Inc.*, 56 F.3d 394, 399 (2d Cir. 1995). Here, Hanjin has given security in consequence of Voyager's claims by reason of the attachment of $242,075.85[1] of Hanjin's funds, and Hanjin has asserted counterclaims in the sum of $388,157.80 (including interest, attorneys' fees and arbitration costs) that arise out of the same transaction (the charter party agreement) which is the subject of the original action. Therefore, by the clear terms of Rule E(7) Voyager is now required to furnish the counter-security demanded.

---

[1] This figure, the full amount authorized by this Court to be attached in response to Voyager's application, is comprised of Plaintiff's principal claim in the sum of $85,750.00 plus interest of $19,825.85, attorneys' fees of $75,500, and arbitration costs of $61,000.00.

NYDOCS1/295906.1                    4

The Court of Appeals for the Second Circuit has identified two principles that should guide the district court in the exercise of its discretion: (1) "to place the parties on an equality as regards security;" and (2) "the Rule is not intended to impose burdensome costs on a plaintiff that might prevent it from bringing suit." 53 F.3d at 399.

It is undisputed that Hanjin has obtained, to date, security in the form of a Club LOU for its claims based on the vessel's failure to achieve the speed guaranteed under the charter party in four separate voyages. However, the counterclaims asserted in this Court for which Hanjin seeks additional security involve speed and over-consumption claims on two additional and independent voyages which were not included in the claims for which the Club LOU was posted in order to release the vessel from arrest. The counterclaim also seeks counter-security for overpayment of charter hire based on Voyager's misrepresentation that the vessel was idle for a period of time after it was re-delivered by Hanjin and before re-delivery to non-party Eitzen. This misrepresentation was only discovered by Hanjin as a result of the arrest proceeding which did not seek or obtain security on this claim. All three of these claims are unsecured at present.

As significant, Voyager has fully secured **_all_** of its own claims against Hanjin. Hanjin respectfully submits that fairness dictates that Voyager now be required to post the additional security to place both parties in equal footing as regards security for **_all_** of their respective claims and counterclaims as required by *Result Shipping*.[2]

---

[2] 53 F.3d at 399.
NYDOCS1/295906.1

## POINT II

### PROCEEDINGS ON VOYAGER'S ORIGINAL CLAIM
### MUST BE STAYED PENDING THE POSTING OF COUNTER-SECURITY

VOYAGER should be stayed from pursuing the merits of its original claim (*i.e.*, the claim for the approx. $85,750 which is fully secured by Hanjin) until Hanjin's counterclaims are fully secured. Rule E(7)(a)'s plain language, as set forth above, requires that "[p]roceedings on the original claim **must** be stayed until [counter-security] is given unless the court directs otherwise" (emphasis supplied).

In the matter presently before the Court, the merits of the dispute between Voyager and Hanjin were never intended to be pursued before this Court, so if Voyager refuses or fails to comply with an Order directing it to post counter-security, staying proceedings only in the Southern District of New York would not punish Voyager for its contempt – rather, it would only serve to continue to deprive Hanjin of its counter-security without any penalty to Voyager.

Rule E(7)(a) specifically provides that "proceedings over the original claim" are to be stayed if ordered counter-security is not given. The Rule contains no geographical limits as to where the proceedings would otherwise be going forward, even though it was clear to the drafters that the attachment and arrest rules might well be expected to relate to proceedings in which the merits would be decided in a forum other than the one in which security was obtained under the admiralty rules. See Advisory Committee Notes. Accordingly, this Court has the authority to order that a party subject to its *in personam* jurisdiction (such as Plaintiff Voyager, which appeared voluntarily before this Court to obtain security from Hanjin) not proceed with its original claim, regardless of where in the world such claim was proceeding on the merits. Such

was the holding of the Court in Daeshin Shipping Co. Ltd. v. Meridian Bulk Carriers, Ltd., 2005 U.S. Dist. LEXIS 22409, *11 (S.D.N.Y. Oct. 3, 2005) (Buchwald, J.), in which the Court stayed the plaintiff from proceeding on its original claim in London arbitration pending the posting of counter-security by the plaintiff.

Finally, Hanjin respectfully submits that if Voyager fails to provide the demanded security within ten business days from the date the Order for countersecurity issues, the Court, in the exercise of its broad discretion, should also direct that the attachment of Hanjin's property be vacated and the instant action be dismissed. *Finecom Shipping Ltd. v. Multitrade Enterprises AG*, No. 05-6695, 2005 U.S. Dist. LEXIS 25761, *6 (S.D.N.Y. Oct. 25, 2005).

## CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that this Court grant the within motion in all respects and award such other and further relief as the Court may deem just and proper.

Dated: New York, New York
December 21, 2007

                                        FREEHILL, HOGAN & MAHAR, LLP
                                        Attorneys for Defendant
                                        HANJIN SHIPPING CO. LTD.

                              By: _____
                                        Michael E. Unger (MU-0045)
                                        80 Pine Street
                                        New York, NY 10005-1759
                                        Telephone: 212 425-1900
                                        Facsimile: 212 425-1901

TO:    LENNON MURPHY & LENNON, LLC
          Attorneys for Plaintiff

420 Lexington Avenue, Suite 300
New York, New York 10170
Attn:   Patrick F. Lennon, Esq.
        Nancy R. Peterson, Esq.
(212) 490-6050 – phone
(212) 490-6070 - fax