UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VOYAGE SHIPHOLDING CORP.

        Plaintiff,

- against -

HANJIN SHIPPING CO., LTD

        Defendant,

07 Civ. 11123 (GEL)

**DECLARATION OF KYU-DONG LEE**

---

I, KYU-DONG LEE, pursuant to Section 1746 of Title 28 of the United States Code, hereby declares and says the following under penalty of perjury:

1. I am a manager in the chartering department of Hanjin Shipping Co., Ltd. ("Hanjin"). I submit this Declaration in further support of Hanjin's claim for counter-security in the New York action commenced by Voyager Shipholding Corp. ("Voyager"). I am authorized by Hanjin to make this Declaration on its behalf and do so based upon personal knowledge as well as a review of records kept in the ordinary course of Hanjin's business.

2. I was assigned to oversee the vessel KEN since April 2006 which was chartered by Hanjin from Voyager under a charter party dated May 7, 2004.

3. There were three people in the Hanjin chartering department as follows who were assigned to assist with the charter of the KEN and resulting claims arising thereunder during the two years the vessel was on charter.

    - Mr. Sang-Young Lee : From September 2005 to October 2005

    - Mr. Sang-Hyuk Kim : From October 2005 to February 2006

NYDOCS1/298139.1

2

Mr. Young-Seuk Lee : From April 2006

4. During the course of the charter several disputes arose between Hanjin and Voyager and Hanjin retained solicitors in London to pursue those claims in arbitration as provided in the charter party.

5. On or about 25TH May 2007, using the information in the Hanjin chartering department files, including the hire statement of 25TH May 2007 (See attached as Exh. A), I prepared a list of the claims Hanjin had against Voyager arising out of the charter party. These included the four speed and underperformance claims set forth on the hire statement in respect of a voyage from Liverpool to Penang in April 2005, Punto Cardon to Sepetiba in January 2005, Tubaro to Saldanha in February 2005 and Pengang to Paradip in May 2005 respectively. I also provided to Hanjin's London solicitors the calculations on which the claims were based.

6. I was informed that this list of claims and the supporting documentation was to be given to Hanjin's local South African counsel who would use it in preparing a petition to the High Court of South Africa for the arrest of the M/V KEN to obtain security for the listed claims in connection with the London arbitration.

7. In October 2007, I was requested by Hanjin's London solicitors to review the complete Hanjin file concerning the charter in order to confirm certain information as to Hanjin's claims. In doing so I discovered two speed and performance claims which arose out of the said charter party which had inadvertently previously been overlooked and were thus missing from the list of claims submitted to Hanjin's South African attorney in May 2007.

8. This mistake was caused by the fact that there were various claims which arose under this charter and there were several people engaged in dealing with this charter over its two years. It appears that one or more of the various designated persons who were

NYDOCS1/298139.1

responsible for the operation of the charter overlooked the two claims when preparing the 25TH May 2007 hire statement and list of claims.

9. The omitted two said speed and performance claims were for voyages from Shanghai to Kohsichan to Stockton in July, 2005 and from New York to Nemrut Bay with both claims totalling $73,190.42.

10. These are the same two speed and performance claims for which Hanjin now seeks countersecurity in the New York action.

11. The said speed and performance claims were not intentionally omitted from the South African arrest application and are not now asserted by Hanjin in the New York security action in order to retaliate for Voyager having obtained security from Hanjin for its own claims arising under the charter.

12. There was no reason for Hanjin to have purposely not sought security for these claims in the South Africa arrest proceedings as that action was clearly undertaken to obtain security for all of Hanjin's then existing claims.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated: Seoul, Korea
January 31, 2008

_____
Kyu-Dong Lee