UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

VOYAGER SHIPHOLDING CORP.,

          Plaintiff,

  -against-

HANJIN SHIPPING CO., LTD.,

          Defendant.

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/29/08

07 Civ. 11123 (GEL)

**ORDER**

GERARD E. LYNCH, District Judge:

      By Opinion and Order dated February 13, 2008, this Court granted a motion by defendant Hanjin Shipping Co., Ltd. ("Hanjin") for counter-security, and directed plaintiff Voyager Shipholding Corp. ("Voyager") to provide countersecurity on or before February 22, 2008. By letter dated February 28, 2008, Hanjin notes that Voyager has failed to provide countersecurity as ordered, and renews its request that the Court stay Voyager's prosecution of its claims in a pending London arbitration, or in the alternative to enter an order releasing Hanjin's property attached pursuant to the order of maritime attachment previously entered at Voyeager's request. Voyager responds that it did not intend to flout the Court's order, that it believed the order was automatically stayed pursuant to Fed. R. Civ. P. 62(a) during its time to move for reconsideration, that it has indeed filed such a motion on this date, and that it is in the process of arranging for suitable countersecurity in the event the Court denies its motion.

      The Court having considered this correspondence, as well as Voyager's motion for reconsideration, it is hereby ORDERED:

      1. Voyager's motion for reconsideration is denied, because the motion simply rehashes Voyager's argument that Hanjin's counterclaims are frivolous, which was fully considered and rejected in the Court's Opinion and Order of February 13.

      2. Hanjin's request that the arbitration be stayed is denied, for the reasons stated in that Opinion and Order.

      3. Hanjin's request that the order of attachment be vacated is denied, in light of Voyager's representation that it is undertaking to provide countersecurity by "early next week." As indicated in the Court's prior opinion, should Voyager fail to provide such countersecurity, the attachment can and will be vacated.

4. No further application by either party will be entertained absent a representation that counsel for the moving party has consulted with counsel for the opposing party in an effort to resolve the issue, and that such effort has not succeeded in resolving the matter.

SO ORDERED.

Dated: New York, New York
February 29, 2008

_____
GERARD E. LYNCH
United States District Judge